NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 6, 2007
Decided November 10, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3296

| | |
|---|---|
| WILLIAM O. ATKINS,<br>    *Plaintiff-Appellee*,<br>  and | Appeal from the United States<br>District Court for the<br>Northern District of Illinois,<br>Eastern Division. |
| ADAM ATKINS,<br>    *Plaintiff,* | |
|  *v.* | No. 05 C 6109 |
| COUNSELOR ANDREA PICKARD,<br>GERALD REESE, SAMUEL NANCE,<br>and WARDEN DEIRDRE BATTAGLIA,<br>    *Defendants-Appellants,*<br>  and | Milton I. Shader,<br>*Judge*. |
| CITY OF CHICAGO et al.,<br>    *Defendants*. | |

**O R D E R**

In an opinion issued today (our appeal number 07-2757) we reversed the district court's order dismissing this case.  In summarizing the facts, we wrote:

In October 2003 Chicago police stopped a car driven by Adam Atkins. His brother William Atkins was a passenger. The police released Adam but arrested William on the basis of a parole-violation warrant bearing his name and his Illinois Department of Corrections identification number. He was held at the police station overnight and then transferred to the custody of the Department of Corrections, which placed him in the state prison at Joliet. From the moment of his arrest William Atkins steadfastly denied that he was the William Atkins named in the warrant. He was released from the Department's custody after 37 days. He brought this suit against the arresting officers, prison guards, and others, mainly contending that the Department lacks proper procedures for determining mistaken identification, but also claiming that his arrest was illegal and that he was mistreated while at Joliet.

Unfortunately, Mr. Atkins died during the proceedings in the district court. Subsequently, the district court dismissed the case because a proper party--Mr. Atkins' widow, Brandie Atkins--was not timely substituted as the plaintiff. That order was reversed in our opinion today.

Now back to the complaint which was filed in 2005. In answering Atkins' complaint, the state defendants asserted, among other things, the affirmative defense of qualified immunity. Ordinarily, that defense is addressed when (and if) defendants move for summary judgment. But that wasn't what happened here. Instead, Atkins filed a motion to strike the qualified immunity defense from the defendants' answer. Atkins' motion was granted, the defense was stricken, and the state defendants took an appeal from the district court's order (our appeal number 06-3296, the subject of this order).

On April 6, 2007, after Mr. Atkins had passed away and before Brandie Atkins was inserted into his shoes to continue the case, we heard oral arguments on the State's appeal of the order striking its qualified immunity affirmative defense from the complaint. We think the district court jumped the gun and committed error in issuing that order. The order was based on a slim "motion to strike" under Rule 12(f), a rule aimed at a pleading that contains "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The rule is not a good fit for resolving issues like qualified immunity which often turn on facts yet to be developed. Accordingly, the order is REVERSED and the case REMANDED for further proceedings, now with Brandie Atkins at the controls.